UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BETH BAUER,

                Plaintiff,                        Case No. 14-cv-11158

v                                                        Honorable Thomas L. Ludington

COUNTY OF SAGINAW, SAGINAW COUNTY
PROSECUTING ATTORNEY'S OFFICE, and
JOHN A. MCCOLGAN,

                Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND GRANTING DEFENDANT'S MOTION TO EXTEND IN PART

On March 19, 2014, Plaintiff Beth Bauer filed suit against Defendants, alleging that they terminated her employment in violation of federal and state law. Between April 21, 1989, and January 2, 2013, Bauer had worked as the Legal Office Manager of the Saginaw County Prosecutor. According to Bauer, after Defendant McColgan was elected Saginaw County Prosecutor in November 2012, Defendants impermissibly terminated her employment.

According to Bauer, she was a just-cause employee, as memorialized in an October 1, 2009 Memorandum of Understanding, which stated that "Beth Bauer, is not an at-will employee". Compl. ¶ 19. Furthermore, according to Bauer, when Defendants consulted with a labor attorney about the possibility of terminating Bauer's employment, the labor attorney confirmed that Bauer's employment could only be terminated for "just cause." Mot. Compel 4, ECF No. 12.

On November 12, 2014, Bauer filed a motion to compel seeking to compel disclosure of (1) a legal opinion prepared by Saginaw County's legal counsel and (2) all documents related to

the Collective Bargaining Agreement. On February 23, 2015, the Magistrate Judge denied the motion, concluding that the legal opinion was covered by the attorney-client privilege and that the CBA documents were irrelevant to Bauer's claims.

On March 6, 2015, Bauer filed objections to the Magistrate Judge's Order Denying her Motion to Compel. Bauer's objections will be overruled, however, because the decision of the Magistrate Judge is not clearly erroneous, nor is it contrary to law. Accordingly, Bauer's motion to compel was appropriately denied.

## I.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**II.**

Bauer raises six objections to the Magistrate Judge's Order denying her Motion to Compel. The first four relate to a legal opinion prepared by Andre Borello, an attorney who was labor counsel for Saginaw County ("the Borello Memo").

According to Bauer, the Borello Memo "espouse[s] the legal opinion that Plaintiff could not be removed from her position as Legal Office Manager for any reason other than just cause." Pl.'s Mot. Compel 4. Bauer provides the following alleged timeline of events that led up to the Borello Memo: Sometime prior to November 29, 2012, McColgan, as prosecutor-elect, decided to terminate Bauer's employment as the Legal Office Manager. McColgan intended to replace her with Christine Lopez—who was currently working for Judge Christopher Boyd, who would in turn become chief assistant prosecutor to McColgan. Bauer contends that Christine Lopez knew she would be hired as the Legal Office Manager in November 2012, as evidenced by her notice of resignation on November 29, 2012.

Bauer then explains that it was only after McColgan told third-parties, including Ms. Lopez, that he was terminating Bauer's employment that he sought legal advice about the termination. McColgan and Saginaw County[1] then sought the legal advice of Mr. Borello in December 2012, who prepared the Borello Memo. At the time, Borello was, apparently, legal counsel for the County of Saginaw. According to Bauer, the Borello Memo "espouse[s] the legal

---

[1] It is unclear precisely who requested Mr. Borello's legal advice. At various points, the parties identify both Saginaw County and/or McColgan as requesting the advice. For purposes of this Order, the Court will assume that it was one of Saginaw County's agents who had the authority to request legal advice on behalf of the county. This assumption is appropriate because from Bauer's papers, she contends disclosure to McColgan waived any attorney-client privilege. But, if McColgan requested legal advice from Mr. Borello about the legal consequences of terminating Bauer's employment, and Mr. Borello provided the legal advice, then there would clearly be an attorney-client relationship between McColgan and Mr. Borello, and the Borello Memo would be covered by the attorney-client privilege. It is only if Saginaw County alone requested the legal opinion that Bauer's argument—that McColgan's knowledge of the opinion waived the attorney-client privilege—makes sense.

opinion that Plaintiff could not be removed from her position as Legal Office Manager for any reason other than just cause." Pl.'s Mot. Compel 4.

After preparing the Borello Memo, Defendants scheduled a meeting to discuss the legal opinion and related concerns. Representatives from Saginaw County, McColgan (as prosecutor-elect), and Mr. Christopher Boyd (as the future chief assistant prosecutor) attended the meeting and discussed the Borello Memo with Mr. Borello.

### A.

Bauer first objects to the Magistrate Judge's conclusion that the Borello Memo is covered by the attorney-client privilege. In her order, the Magistrate Judge noted that "it is largely undisputed that the legal opinion prepared by Andre Borello, as labor counsel for Saginaw County, is a legal memoranda covered by the attorney-client privilege." Order Denying Mot. Compel 7, ECF No. 28.

Bauer disputes the assertion that the legal opinion is covered by the attorney-client privilege, specifically because the legal opinion "was not based on confidential information." Objs. ¶ 6, ECF No. 30. She explains that, prior to the Borello Memo, McColgan had already planned to terminate her employment and had told others about the decision. For example, Bauer advances Christine Lopez's resignation letter, dated November 2012, which implies that, at the very least, Ms. Lopez knew that she would be replacing Bauer after the termination of the latter's employment. And, Bauer continues, because third-parties knew that McColgan would be terminating Bauer's employment in order to hire Ms. Lopez, any information he provided to Mr. Borello was not confidential and not protected by the attorney-client privilege.

The party invoking the protection of the attorney-client privilege must establish the following:

> (1) Where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by his legal advisor, (8) except the protection may be waived.

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). In her first objection, Bauer is thus challenging the Magistrate Judge's conclusion that the legal memorandum is covered by the attorney-client privilege based on the fourth requirement—the communication was not made in confidence.

### i.

Defendants respond that Bauer has waived this objection because the argument was never presented to the Magistrate Judge. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n. 2 (6th Cir. 2010) (when a party does not raise an argument before a magistrate judge, that argument cannot then be raised in a later objection). But Bauer did in fact challenge the conclusion that the Borello Memo was protected by the attorney client privilege in both her reply brief and at the motion hearing. Pl.'s Reply 3, ECF No. 17 ("That is, the legal opinion is itself not even covered by the attorney-client privilege.") (emphasis removed); Def.'s Resp. Ex. B at 14 ("When we look at the substance of the legal opinion itself, it's not a privileged document."). Therefore, this Court will address the merits of Bauer's first objection.

### ii.

"The essence of the privilege is confidentiality, and when confidentiality is destroyed, there is little justification for incurring the heavy cost to the production of relevant evidence which the privilege exacts." *360 Const. Co., Inc. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347 351 (E.D. Mich. April 12, 2012). The requisite confidentiality is lost if the client discloses the substance of confidential communications to outsiders. "It is of course disclosure of

*communications* that has the effect of destroying confidentiality, not disclosure of *facts* that may have been embodied or expressed in communications . . ." 2 Federal Evidence § 5:18 (4th ed.) (emphasis original). The treatise provides the following example: "A client who tells a friend 'I told my lawyer I was speeding' has destroyed confidentiality as it relates to that part of what he told his lawyer, but a client who tells a friend 'I was speeding' has not destroyed the confidentiality of anything he told his lawyer on the subject." *Id*.

Courts in the Sixth Circuit have followed this analysis, concluding that it is the communications with counsel themselves that are privileged, not the underlying facts communicated in the disclosure. For example, in *General Electric Co. v. Valeron Corp.*, the defendant claimed that the attorney-client privilege did not protect the plaintiff's documents because the factual information in the documents "has been published [elsewhere] or is available from non-confidential sources." The district court concluded that these arguments were "of no avail" because:

> the client's privilege in confidential information disclosed to his attorney is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information, or by the fact that the lawyer received the same information from other sources.

*Id*. (quoting *Emle Industries, Inc. v. Patentex, Inc.*, 48 F.3d 562, 572-73 (2d Cir. 1973)).

Here, Bauer claims that the Borello Memo was not based on confidential communications because at least one other person—Ms. Lopez—knew that McColgan intended to terminate Bauer's employment. But, as noted above, just because the underlying facts may not be confidential, the confidential nature of the communications between an attorney and his client are not destroyed. Therefore, at least until the meeting with Mr. McColgan and Mr. Boyd (which will be addressed in Bauer's second objection), the Borello Memo was protected by the attorney-client privilege.

**B.**

Although the legal memo was covered by the attorney-client privilege, Bauer nevertheless contends that the privilege was waived by disclosure of the contents to Mr. McColgan and Mr. Boyd during the meeting with Saginaw County representatives and its attorney, Mr. Borello. Voluntary disclosure of communications made with one's attorney to a third-party generally waives the attorney-client privilege. "The client, not the attorney, is the holder of the privilege," *Fausek*, 965 F.2d at 132, and therefore "the client can waive the privilege." *United States v. Marlinga*, 2005 WL 465432, at *4 (E.D. Mich. Feb. 28, 2005).

In some instances, however, communications disclosed to people other than the attorney and client may remain protected. In *Humphries v. Chicarelli*, the Sixth Circuit explained that the presence of city-council members-elect did not destroy the attorney-client privilege between the current city council members and the city attorney where the members-elect "attended the City Council's executive session because of their roles as Council members-elect, who would shortly thereafter be required to address the issues discussed during that meeting." 554 F. App'x 401, 401 (6th Cir. 2014). Here, as in *Humphries*, both McColgan and Mr. Boyd attended the meeting about the Borello Memo in their roles as prosecutor-elect and future chief assistant prosecutor to discuss a staffing and hiring issue that may arise when they took office. Accordingly, the presence of McColgan and Mr. Boyd did not waive the attorney-client privilege and Bauer's second objection will be overruled.

**C.**

Bauer's third objection is that Defendants cannot invoke the common-interest doctrine. The Magistrate Judge concluded that even if the attorney-client privilege had been waived, the Borello Memo was still protected under the common-interest privilege. ECF No. 28 at 9. In

general, the common-interest doctrine operates to protect information disclosed to other parties, expanding coverage of the attorney-client privilege to include situations in which two or more clients with a common interest in a matter agree to exchange information regarding the matter. *Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998). The exception most often arises when the parties are either represented by the same attorney or are individually represented, but have the same goal in litigations. *Fresenius Med. Care Holdings v. Roxane Labs, Inc.*, 2007 WL 895059, at *2 (S.D. Ohio Mar. 21, 2007). However, because Defendants did not waive the attorney-client privilege, the Court need not analyze the applicability of the common-interest exception. Accordingly, Bauer's third objection is overruled.

### D.

Bauer next objects to the Magistrate Judge's conclusion that Defendants did not waive the attorney-client privilege by invoking the advice-of-counsel defense. Bauer contends that, because Defendants' affirmative defenses state that Defendants "is entitled to good faith" and that the termination "was not per se wrongful or conducted with malice," that they have put their state of mind at issue. Objs. 8-9. And because the Borello Memo informs Defendants' state of mind, any attorney-client privilege has been waived.

> Generally, the advice-of-counsel waiver provides that:
>
> When a party asserts a defense of good faith or reasonableness, and affirmatively offers testimony that the party consulted with their attorney as factual support for the defense, and when counsel's advice in some way supports the defendant's good faith belief, the defendant has put his counsel's advice "at issue" and thereby waives the attorney client privilege on the narrow subject matter of those communications.

*Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 469 (E.D. Mich. 2008) (finding waiver where defendant included evidence of consultations with counsel as part of basis for good faith reliance).

Here, Defendants have not raised the affirmative defense that they relied on the Borello Memo in deciding to terminate Bauer's employment. Defendants have repeatedly and unequivocally represented that they will not introduce into evidence either the existence of the Borello Memo or the content of any privileged communication in defense their claims. Indeed, it was Bauer, rather than Defendants, who claims that the Borello Memo would affect Defendants' defense. But because Defendants have not taken, and have represented that they will not take, any affirmative steps to place the content of the confidential communication into the litigation, they have not waived the attorney-client privilege with respect to those documents. *International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. Honeywell Int'l Inc.*, 300 F.R.D. 323, 327 (E.D. Mich. 2014).

Bauer nonetheless claims that "[w]ithout [the Borello Memo], Plaintiff is precluded from effectively determining the truth behind Defendants' claims, including that they held an honest belief Plaintiff was an at-will employee who could be dismissed without cause." Objs. 11. Courts have acknowledged that "the attorney-client privilege 'interferes with the truth seeking mission of the legal process,' and therefore is not 'favored.'" *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (quoting *United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996)); *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987). Nevertheless, when properly invoked—as here—the attorney-client privilege affords the communications at issue absolute and complete protection from disclosure.

"[T]he attorney-client privilege cannot at once be used as a shield and a sword. But, while the sword stays sheathed, the privilege stands." *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005). Here, Defendants have not yet (and contend that they will not) use the advice of counsel

as a defense to any of Bauer's claims. Until they do so, those communications are protected by the attorney-client privilege. Accordingly, Bauer's fourth objection is overruled.

**E.**

Bauer's final two objections concern her discovery request for all documents related to the Collective Bargaining Agreement, especially documents related to the "Memorandum of Understanding" that provided that Bauer was a just-cause employee. Defendants had objected to the discovery requests, contending that the information was subject to the deliberative process privilege. After an *in camera* review of all 922 documents at issue, the Magistrate Judge concluded that the documents were irrelevant.

Bauer raises two objections: (1) that the Magistrate Judge failed to consider whether documents related to the Memorandum of Understanding were relevant and (2) statements by defense counsel regarding the possible relevancy of the documents are binding judicial admissions. Each objection will be addressed in turn.

**i.**

Bauer's sixth[2] objections asserts that the Magistrate Judge's Order concluding that the documents were irrelevant did not address documents related to the "Memorandum of Understanding which granted Plaintiff just-cause employment status." And because "Plaintiff specifically claims Defendants breached the Memorandum of Understanding," Bauer contends that "documentation relating to the Memorandum of Understanding is certainly relevant and should be disclosed."

Defendants note that they turned over all 922 documents related to the CBA—including documents related to the Memorandum of Understanding—for the Magistrate Judge's *in camera* review. The Magistrate Judge, having reviewed those documents, determined that they were

---

[2] For organizational clarity, this Court will address Bauer's sixth objection before her fifth.

irrelevant: "the Court has inspected *in camera* the documents received from Defendants and has determined that none of the documents contain any information that would be relevant to Plaintiff's tort or discrimination claims." Order ECF No. 28 at 14. There is no obligation for the Magistrate Judge to clarify document by document that each and every one is irrelevant; instead, as here, she may determine that after review of all documents, all are irrelevant.

Accordingly, Bauer's sixth objection is overruled.

**ii.**

Bauer's final objection asserts that the Magistrate Judge erred in determining that Defendants' counsel did not make a judicial admission regarding the relevancy of the CBA documents. In her motion in limine, ECF No. 25, Bauer identified two instances in which she claims that Defendants' counsel made judicial admissions that the CBA documents were irrelevant.

In the first instance, Bauer claimed that Defense Counsel's statement at the hearing on the motion to compel was sufficient to constitute a binding judicial admission. At the hearing, Defense Counsel stated "I want to go over those records again, but I can't see how they would possibly be relevant to any claim in this case . . . I think after five minutes of looking at them, you'll come to the same conclusion. I just don't think they're relevant to anything." Defs.' Resp. Ex. B at 58, ECF No. 33.

As the Magistrate Judge correctly explained in her order, Defense Counsel's statements at the motion hearing were not so "deliberate, clear and unambiguous" to constitute judicial admissions. Order Denying Mot. Compel 15, ECF No. 28 (citing *McDonald v. General Motors Corp.*, 110 F.3d 337, 340-41 (6th Cir. 1997)).

In the second instance, Bauer requested production of documents related to the Memorandum of Understanding in her written discovery requests. In response, Defense Counsel stated that: "*Plaintiff has not asserted claims arising from the CBA*, and thus any documents with respect to the CBA agreement as a whole are irrelevant." Objs. 11 (emphasis original).

But Defense Counsel's understanding of Bauer's legal claims are not judicial admissions that are binding. To conclude otherwise would allow Defendants to control the contours of Bauer's claims. Whether Bauer has asserted claims arising from the CBA does not depend on Defense Counsel's understanding of the claims.

Accordingly, Bauer's fifth objection will be overruled.[3]

### III.

In addition, on March 25, 2015, Defendants filed a motion to extend the dispositive motion deadline. Defendants explain that "Defense Counsel's schedule has been overtaxed with commitments in other matters," and therefore a two-week extension is necessary. ECF No. 34 ¶ 2. Bauer opposes the motion. ECF No. 5. Defendants have demonstrated good cause to extend the dispositive motion deadline by one week, and therefore their motion will be granted in part.

### IV.

Accordingly, it is **ORDERED** that Plaintiff Bauer's Objections to the Magistrate's Order (ECF No. 30) are **OVERRULED**.

It is further **ORDERED** that Defendants' Motion to Extend (ECF No. 34) is **GRANTED IN PART**. The dispositive motion deadline is extended to **April 13, 2015**.

s Dated: March 27, 2015  /Thomas L. Ludington
                          THOMAS L. LUDINGTON
                          United States District Judge

---

[3] Bauer has never raised—either in front of the Magistrate Judge or this Court—whether judicial estoppel may apply. Accordingly, the Court need not address this doctrine.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2015.

s/Suzanne M. Gammon
SUZANNE M. GAMMON